John R. Gay v. Commissioner.
Gay v. Commissioner
Docket No. 3472-65
United States Tax Court
T.C. Memo 1966-237; 1966 Tax Ct. Memo LEXIS 48; 25 T.C.M. (CCH) 1220; T.C.M. (RIA) 66237; October 24, 1966
*48 James J. Laughlin, for the petitioner. George K. Dunham, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's income tax liability for the year 1961 in the amount of $1,625.24 and a "Section 6653(b) Penalty" in the sum of $812.62. A copy of the deficiency letter and an accompanying statement is attached to the petition. This statement indicated that petitioner's "taxable income has been computed upon the basis of increase in net worth during the taxable year with adjustment for personal and other nondeductible amounts paid." The "Explanation of Adjustments" to petitioner's income contained in the statement is as follows: (a) It has been determined that you had unreported income in 1961 in the amount of $7,270.83, computed as shown in Exhibit A attached. (b) In computing your tax you are allowed a standard deduction of $500.00, the maximum allowable on the separate return of a married taxpayer. (c) In computing your tax you are allowed two exemptions, one each for yourself and your mother. No copy of the document referred to in paragraph (a) of the "Explanation of Adjustments" as "Exhibit A" is *49 attached to or made a part of the petition. On August 12, 1965, respondent filed his answer herein. Paragraph 7 of the answer affirmatively alleged facts "in support of the determination that the deficiency in income tax for the year 1961 is due in whole or in part to fraud on the part of petitioner with intent to evade tax." These allegations of fact were made in 29 subparagraphs and 3 exhibits. Petitioner filed no reply within the time prescribed by our rules and has never filed a reply. On November 9, 1965, respondent filed a motion under Rule 18 of the Rules of Practice of this Court requesting the Court to "enter its order that the allegations [of fact] contained in paragraphs 7(a) through 7(dd) of respondent's answer be deemed admitted." Thereafter the following notice, dated November 18, 1965, was served on counsel for petitioner: Notice of Filing of Motion for Order Under Rule 18 You are hereby notified that the respondent on November 9, 1965 filed a motion in the above-entitled case for an order under Rule 18(c), a copy of which motion is enclosed herewith. That motion has been calendared for hearing by the Court at Washington, D.C., in Courtroom No. 2, * Constitution *50 Avenue at 12th Street, N.W., at 10:00 A.M. on December 15, 1965. If, however, a proper reply, as required by Rule 15 of the Court's Rules, is filed by petitioner on or before December 1, 1965, that motion will be denied but if a reply is not so filed the Court will act upon the motion in its own discretion on the hearing date. Your attention is called to the provisions of Rule 27(a) with respect to personal appearance at hearings on motions. * Room 2142 The following order, dated December 15, 1965, and served on petitioner's counsel on December 21, 1965, was entered herein: Counsel for respondent was heard December 15, 1965, at Washington, D.C., on respondent's motion for an order that the undenied affirmative allegations in respondent's answer be deemed to be admitted. There was no appearance by or on behalf of petitioner nor has petitioner filed a reply to respondent's answer. The premises considered, it is ORDERED that respondent's motion is granted and the affirmative allegations in respondent's answer as specified in respondent's motion are deemed admitted. /s/ G. G. Withey Judge Pursuant to notice dated February 9, 1966, this case was set for trial on May 2, 1966. On *51 petitioner's motion the trial herein was continued to June 2, 1966. [1] On that date respondent appeared by counsel and petitioner appeared in person and by counsel. The only testimony adduced was the oral testimony of the petitioner. At the conclusion of the trial, the parties were granted time until July 18, 1966, within which to file simultaneous original briefs and until August 17, 1966, within which to file simultaneous reply briefs. Respondent filed his original brief on July 18, 1966. Petitioner did not *52 submit his original brief until September 7, 1966, on which date it was filed pursuant to leave granted by the Court. Neither party has filed a reply brief within the time prescribed by our rules. Findings of Fact Petitioner is a real estate operator specializing in property management and the collection of rents. During the taxable year 1961 he resided and now resides in Washington, D.C. He filed his income tax return for that year with the director of internal revenue, Baltimore, Maryland. The affirmative allegations in respondent's answer deemed to be admitted herein pursuant to our order of December 15, 1965, are as follows: 7. FURTHER ANSWERING the petition, and in support of the determination that the deficiency in income tax for the year 1961 is due in whole or in part to fraud on the part of petitioner with intent to evade tax, the respondent alleges as follows: (a) That the petitioner was engaged in renting various properties in the District of Columbia during the taxable year in question. (b) That petitioner realized income from his renting activities during the year in question. (c) That petitioner failed to maintain adequate books and records for the year *53 in question. (d) That as a result of the failure to maintain adequate books and records from which respondent could determine petitioner's correct taxable income, respondent was required to determine petitioner's correct income on the basis of the increase in petitioner's net worth during the year 1961 and on the basis of petitioner's cash expenditures. The net worth and cash expenditures analysis consisting of Exhibits A through C is attached hereto and made a part hereof. (e) That an analysis of such records and information as was available to respondent disclosed the net income or adjusted gross income of the petitioner for the year 1961 to be $7,983.73. (f) That petitioner filed his federal income tax return for the year 1961 in which he reported net income or adjusted gross income of $712.90. (g) That petitioner's adjusted gross income as disclosed on his return for 1961 is understated in the amount of $7,270.83 and his taxable income is understated in the amount of $5,570.83. (h) That the petitioner had a net worth as of December 31, 1960 and 1961 in the respective amounts of $19,000.51 and $24,833.79. (i) That petitioner had cash living expenses adjusted for his *54 wife's net pay of $2,150.45 for the year 1961. (j) That none of the increase in net worth and none of the cash expended for personal living expenses was attributable to income from any nontaxable source. (k) That petitioner attempted to conceal his ownership of the rental property he operated. (l) That petitioner attempted to conceal his interest in various bank accounts into which he deposited his income. (m) That petitioner made false and misleading statements to respondent's agents. (o) That the understatement of income as averred in subparagraph (g) results in a deficiency in income tax for the year 1961 in the amount of $1,625.24. (p) That the deficiency in income tax for the year 1961 as averred in the subparagraph (o) is due in whole or in part to fraud on the part of the petitioner with the intent to evade tax. (q) That petitioner knew that in his income tax return filed by him for the year 1961 he had omitted a large part of his taxable income, as set forth in subparagraph (g). Petitioner's return for 1961 was false and fraudulent in that petitioner knowlingly and with fraudulent intent to evade the tax failed to report a large portion of his taxable income. *55 The petitioner in filing such false return intended respondent to rely upon such return as [a] true and correct return of his net income for such taxable year. The making and filing of such return was with a fraudulent intent that it be accepted and that the income tax due thereon be evaded. (r) That petitioner's dealings with his rental property, bank accounts, and his false and misleading statements to respondent's agents during a duly authorized investigation of petitioner's return had as his purpose the concealment of sources of income which had been knowingly omitted from his return for 1961 with the intent to fraudulently evade payment of his correct income tax liability for that year. (s) That the balances in the account at American Security and Trust Co. as of December 31, 1960 and December 31, 1961 as shown on Exhibit A were $10,590.76 and $1,423.45, respectively. (t) That the balances in the account at Riggs National Bank as of December 31, 1960 and December 31, 1961 as shown on Exhibit A were $310.50 and $421.97, respectively. (u) That the balances in the account at Jefferson Federal Savings and Loan as of December 31, 1960 and December 31, 1961 as shown on Exhibit *56 A were $6,060.67 and $6,448.61, respectively. (v) That the balances in the account at Perpetual Building and Loan as of December 31, 1960 and December 31, 1961 as shown on Exhibit A were $0 and $10,000.00, respectively. (w) That the cost basis of the real property located at 1936 Calvert Street, N.W. Washington, D.C., is $16,000.00 and that the balance due on the mortgage secured by that property held by Bernadine E. Scherger as of December 31, 1960 and December 31, 1961 was $13,938.16 and $13,132.87, respectively. (x) That the cost basis of the real property located at 1341 Oak Street, N.W., Washington, D.C., is $6,000.00 and that the balance due on the mortgage held by Perpetual Building and Loan and secured by that property as of December 31, 1960 and December 31, 1961 was $7,469.50 and $7,295.10, respectively. (y) That the cost basis of the real property located at 2413 18th Street, N.W., Washington, D.C., is $9,000.00 and that the balances due on the mortgage held by Perpetual Building and Loan and secured by the subject property as of December 31, 1960 and December 31, 1961 were $11,788.23 and $11,367.64, respectively. (z) That the cost basis of the real property located *57 at 1324 Columbia Road, N.W., Washington, D.C., is $12,950.00 and that the balances due on the mortgage held by Perpetual Building and Loan and secured by that property as of December 31, 1960 and December 31, 1961 were $6,133.87 and $5,877.00 and that balances due under the mortgage also secured by that property and held by Martin I. Isen as of December 31, 1960 and December 31, 1961 were $4,180.73 and $3,897.88, respectively. (aa) The cost of real property located at 2602 University Place, N.W., Washington, D.C., is $21,500.00 and balances due on the two mortgages securing such property as of December 31, 1960 and 1961 are as follows: Balance
Mortgage
12-31-60
& 12-31-61
Ed Heid
$7,540.49
$6,934.99
General Mortgage
& Loan Co.
2,344.04
1,765.93
(bb) That the cost basis of the real property located at 2604 University Place, N.W., Washington, D.C., is $10,000.00 and balances due on the mortgage secured by that property and held by T. F. Calvin as of December 31, 1960 and December 31, 1961 were $0 and $8,000.00, respectively. (cc) That the cost basis of the 1959 Cadillac convertible shown on Exhibit A is $5,085.08 and that the balance due on the *58 conditional sale contract for that auto held by General Motors Acceptance Corporation as of December 31, 1961 was $3,808.96. (dd) That petitioner paid, during 1961, rent in an amount of $2,855.00 for apartments at 3701 Connecticut Avenue, N.W., Washington, D.C. The "Exhibits A through C" referred to in paragraph 7(d) of respondent's answer are as follows: JOHN R. GAY
STATEMENT OF NET WORTH
FOR THE YEARS INDICATED BELOW
Balances
Assets
12/31/60
12/31/61
Cash on Hand
$ 500.00
$ 500.00
Cash in Banks: American Security & Trust-Escrow a/c
10,590.76
1,423.45
American Security & Trust-Regular a/c
0
0
Riggs National Bank
310.50
421.97
Jefferson Federal Savings & Loan
6,060.67
6,448.61
Perpetual Building & Loan
0
10,000.00
Suburban Trust Company
0
0
Interstate Building & Loan
0
0
American Savings & Loan
0
0
Rental Properties: 1936 Calvert St., N.W., Wash., D.C.
16,000.00
16,000.00
1341 Oak St., N.W., Wash., D.C.
6,000.00
6,000.00
2413 - 18th St., N.W., Wash., D.C.
9,000.00
9,000.00
1324 Columbia Road, N.W., Wash., D.C.
12,950.00
12,950.00
2602 University Pl., N.W., Wash., D.C.
21,500.00
21,500.00
2604 University Pl., N.W., Wash., D.C.
0
10,000.00
Automobile: 1959 Cadillac Convertible
0
5,085.08
Total Assets
$82,911.93
$99,329.11
Mortgages: (& property on which secured)
Bernadine E. Scherger - 1936 Calvert
$13,938.16
$13,132.87
Perpetual Bldg. & Loan - 1341 Oak
7,469.50
7,295.10
Oriental Bldg. & Loan - 2413 18th
0
0
Perpetual Bldg. & Loan - 2413 18th
11,788.23
11,367.64
Perpetual Bldg. & Loan - 1324 Columbia
6,133.87
5,877.00
Martin I. Isen - 1324 Columbia
4,180.73
3,897.88
Ed Heid - 2602 University
7,540.49
6,934.99
General Mtge. & Loan Co. - 2602 University
2,344.04
1,765.93
T. F. Calvin - 2604 University
0
8,000.00
Auto Loan - G.M.A.C. - on 1959 Cadillac
0
3,808.96
Reserve for Depreciation - Rental Properties
(From Ex-
hibit B)
10,516.40
12,414.95
Total Liabilities
$63,911.42
$74,495.32
Net Worth Balances
$19,000.51
$24,833.79
Less: Net Worth Balance - Beginning of Year
11,732.11
19,000.51
Increases in Net Worth
$ 7,268.40
$ 5,833.28
Add: Adjustment (From Exhibit C)
1,691.13
2,150.45
Corrected Adjusted Gross Income
$ 8,959.53
$ 7,983.73
Less: Reported Adjusted Gross Income
747.00
712.90
Income Increased
$ 8,211.53 *
$ 7,270.83
*59 JOHN R. GAY
JOHN R. GAY
SCHEDULE OF RESERVE FOR
SCHEDULE OF RESERVE FOR DEPRECIATION
DEPRECIATION
AT THE DATES INDICATED BELOW
AT THE DATES INDICATED BELOW
Date
Property
Acquired
* Basis
Life
Method
1324 Columbia Rd., N.W.
5/29/58
$ 9,380.00
25 yrs.
Str. Line
1341 Oak St., N.W.
7/ 8/19
4,640.00
25 yrs.
Str. Line
(1919)
2602 University Pl., N.W.
5/29/58
16,500.00
25 yrs.
Str. Line
2604 University Pl., N.W.
5/29/61
7,652.00
25 yrs.
Str. Line
2413 - 18th St., N.W.
3/28/49
5,400.00
25 yrs.
Str. Line
1936 Calvert St., N.W.
7/24/59
11,720.00
25 yrs.
Str. Line
TOTALS
JOHN R. GAY
SCHEDULE OF RESERVE FOR
Exhibit B
DEPRECIATION
AT THE DATES INDICATED BELOW
Reserve For
Depreciation At
Rate
Depre-
Per
ciation
12/31
12/31
Property
Year
Per Year
1958
1959
1324 Columbia Rd., N.W.
4%
$ 375.20
$ 218.87
$ 594.07
1341 Oak St., N.W.
4%
185.60
4,640.00
4,640.00
2602 University Pl., N.W.
4%
660.00
385.00
1,045.00
2604 University Pl., N.W.
4%
306.08
0
0
2413 - 18th St., N.W.
4%
216.00
2,106.00
2,322.00
1936 Calvert St., N.W.
4
468.80
0
195.33
TOTALS
$2,211.68
$7,349.87
$8,796.40
*60 JOHN R. GAY
SCHEDULE OF RESERVE FOR
Exhibit B
DEPRECIATION
AT THE DATES INDICATED BELOW
Reserve For Depreciation At
12/31
12/31
12/31
Property
1960
1961
1962
1324 Columbia Rd., N.W.
$ 969.27
$ 1,344.47
$ 1,719.67
1341 Oak St., N.W.
4,640.00
4,640.00
4,640.00
2602 University Pl., N.W.
1,705.00
2,365.00
3,025.00
2604 University Pl., N.W.
0
178.55
484.63
2413 - 18th St., N.W.
2,538.00
2,754.00
2,970.00
1936 Calvert St., N.W.
664.13
1,132.93
1,601.73
TOTALS
$10,516.40
$12,414.95
$14,441.03
EXHIBIT "C"
ADJUSTMENTS TO THE INCREASE
IN NET WORTH FOR
THE YEAR 1961
I Personal Living Expense
1961
Rent
$2,855.00
Attorney's Fees
365.00
Telephone
120.21
Federal Income Taxes Paid
46.66
TV Warranty Repair
120.50
Auto Expenses
395.24
Clothing
171.70
Vacations
445.00
Medical
13.00
Food
1,560.00
Miscellaneous
260.00
Total Personal Living Expense
$6,352.31
II Less: Net Pay - Margorie Gay *
4,201.86
Adjustment To The Increases In
Net Worth
$2,150.45
*61 There is a deficiency in petitioner's Federal income tax liability for the taxable year 1961 in the amount of $1,625.24. A part of this deficiency is due to fraud with intent to evade tax. Opinion KERN, Judge: Paragraphs 4 and 5 of the petition herein read as follows: 4. Petitioner says that the assignment of errors consists in the following regard: (a) The respondent misconstrued and misapplied the applicable regulations; (b) The respondent, in determining the amount of the deficiency, included in his computation properties not owned by the petitioner but others; (c) The respondent in determining the amount of the deficiency included in his computation savings of the mother of petitioner and not income to the petitioner; and (d) The respondent has failed to set forth or make use of the documentary evidence heretofore delivered to the agents in question, which evidence would conclusively show that the tax return filed by the petitioner was correct. 5. The petitioner will rely upon the following: (a) Income tax return filed in accordance with law; (b) Documentary evidence showing the status of petitioner's *62 business for the taxable year ended December 31, 1961; and (c) The documentary evidence which will conclusively show that the computation of income asserted by the respondent is not correct in that it included savings of the mother of petitioner and property not owned by petitioner. Petitioner did not introduce and made no attempt to produce any documentary evidence and made no reference in his oral testimony to any "savings of the mother of petitioner." A full and fair summary of petitioner's testimony [2] is as follows: that he is a real estate broker with his place of business located at 2413 - 18th Street, N.W., Washington, D.C.; that the greater part of his business is property management and the collection of rents; that in 1962 two agents of the Internal Revenue Service came to his apartment located on Connecticut Avenue, Washington, D.C., and "demanded some information" and "wanted [him] to come down and talk to them"; that he told them that "[he] had an attorney in the case"; that he did not turn over any documents or records to them until "the last year"; that his return as filed for the taxable year 1961 was a true and correct return [3] prepared by himself; that the *63 figures in that return were "composed of commissions from collecting rent"; that he listed "on the return every source of income"; [4] that he made "the deductions authorized by law"; [5] that "most of the places [he] was collecting rents from belong to other people"; that "[he]had no financial interest in the places" but "only received the income"; [6] and that he is "not indebted in any amount." [7] This uncorroborated self-serving testimony of petitioner, much of it consisting of conclusions contained in his counsel's questions merely assented to by the witness, does not overcome the presumption of correctness which attaches to the respondent's determination of deficiency. Louis Halle, 7 T.C. 245, 247-248; Leonard B. Willits, 36 B.T.A. 294, 296-297; see Hoefle v. Commissioner, 114 F. 2d 713, 714, *64 affirming an unreported opinion of the U.S. Board of Tax Appeals. Accordingly, we conclude that there is a deficiency in petitioner's income tax liability for the taxable year in the amount determined by respondent. With regard to the issue involving the penalty on account of fraud, the burden of proof is on respondent. In this case he relies on the allegations of fact contained in his answer and deemed to be admitted by petitioner pursuant to our order of December 15, 1965. Petitioner has never filed a reply to this answer and has not introduced any evidence specifically rebutting these alleged facts which we must consider as having been admitted by petitioner. Accordingly, we accept these facts as established by the record herein and as proof of the fraud alleged by respondent. See Louis Morris, 30 T.C. 928; Charles H. McGlue, 45 B.T.A. 761, 766. After due consideration of such facts we conclude that a part of the deficiency determined herein by respondent was due to fraud. Petitioner's brief presents no argument with regard to the merits of this case except the following paragraph: We contend that it is wholly unjust to require the taxpayer to *65 prove that his return is correct. In the instant case the petitioner (taxpayer) testified under oath that his returns were true and correct and that there was no intentional understatement of his income. No testimony whatsoever was offered to contradict this. We have already answered this argument adversely to petitioner's contentions. Most of petitioner's brief is more or less germane to the first sentence therein which says that "[in] this case we desire to question the Constitutionality of the Tax Court of the United States." Petitioner points out that "[no] jury trial is possible in the Tax Court," that "[there] is no discovery procedure allowed," and that "[there] is no equitable jurisdiction in the Tax Court." However, he presents no argument attempting to demonstrate that these circumstances require a conclusion that the Tax Court is not constitutional. If such an argument were made, it would, in our opinion, be without merit. See Willmut Gas & Oil Company, 322 F. 2d 301, certiorari denied 375 U.S. 984; Martin v. Commissioner, 358 F. 2d 63; Nash Miami Motors, Inc. v. Commissioner, 358 F. 2d 636, affirming a Memorandum *66 Opinion of this Court, certiorari denied October 24, 1966. See also, Great Falls Mfg. Co. v. Att'y General, 124 U.S. 581, 598-599. Petitioner also points out that this Court "will press vigorously upon the litigants the matters of stipulations." The relevance of this alleged fact to the constitutional question suggested in his brief is not divulged. Petitioner cites certain statistics for 2 years purporting to show that "the Government" "won" more cases in this Court than in the Court of Claims or in "the District Court" which, he argues, "conclusively show that a litigant has an up-hill fight in the Tax Court and the Constitutional requirement of separation of powers is absent." Even assuming the validity of the statistical premises of this argument we fail to apprehend the logic which would lead to a conclusion that "the Constitutional requirement of separation of powers is absent." The argument most clearly stated in petitioner's brief is as follows: It is our contention that the Tax Court offends the due process clause. It is so clearly connected with and is a part of the Internal Revenue Service that impartiality is improbable. It would seem that the following *67 recognized maxims have application: 1. No man may sit in judgment on himself; 2. The same law is to be administered and construed for both rich and poor; 3. The prosecutor and the judge may not be one and the same person; 4. One who has an interest in the controversy may not be the judge who is deciding that controversy; and 5. The rich and the poor are entitled not only to the same substantive rights, but the procedural aspect of the law must likewise be the same for all, regardless of condition of class, race, or creed. We heartily agree with these "maxims" but are unable to perceive their relevance to the instant case. The statement that the Tax Court is "clearly connected with and is a part of the Internal Revenue Service" is patently incorrect. With regard to any question of "due process" involved in the instant case, we have the temerity to believe that even a cursory reading of the pre-trial, trial and post-trial proceedings herein which we have summarized at the beginning of our Memorandum Findings of Fact and Opinion will indicate the solicitous concern which the Court has had in affording to the petitioner a fair trial and "due process" and in giving to his *68 counsel opportunities to adequately present petitioner's case. Although it does not seem to be part of any argument, petitioner's brief refers to "* * * the Internal Revenue agents and the special agents and the supervisory personnel walking in and out of the Judges chambers when a case is under consideration." We note and quote this passage from petitioner's brief merely for the purpose of stating that it is factually incorrect. Decision will be entered for the respondent. Footnotes
1. Petitioner's original motion for continuance was granted to May 16, 1966. On that date there was no appearance by or on behalf of petitioner, and the Court, not being apprised of a telephone call to the clerks' office by someone purporting to be calling on behalf of petitioner's counsel and asking for another continuance, granted respondent's motion to dismiss this proceeding insofar as it related to the deficiency in tax and took under advisement the matter of the addition to tax under section 6653(b). Thereafter on May 20, 1966, the Court granted a motion by petitioner "To Set Aside Judgment," filed May 18, 1966, and again set this case for trial on June 2, 1966.↩
*. [This figure in the exhibit is the result of an obvious mathematical error and should be $8,212.53.]↩
*. Computation of Basis (Note A) X % of
Property
Cost
Improvements =
Basis
1324 Columbia Rd., N.W., D.C.
$12,950.00
X 72.425% =
$ 9,380.00
1341 Oak St., N.W., D.C.
6,000.00
X 77.320 =
4,640.00
2602 University Pl., N.W., D.C.
21,500.00
X 76.741 =
16,500.00
2604 University Pl., N.W., D.C.
10,000.00
X 76.519 =
7,652.00
2413 - 18th St., N.W., D.C.
9,000.00
X 60.000 =
5,400.00
1936 Calvert St., N.W., D.C.
16,000.00
X 73.249 =
11,720.00
[A part of Note A to Exhibit B is omitted herefrom since it is illegible as set out in the exhibit.]↩
*. Gross Pay Reported As Per Her Returns Timely Filed.↩
2. Petitioner was the only witness who testified herein. ↩
3. This testimony was in response to a leading question by his attorney. ↩
4. See footnote No. 3, supra. ↩
5. See footnote No. 3, supra. In the transcript the word "deductions" in the quotation is "reductions" - an obvious typographical mistake. ↩
6. See footnote No. 3, supra. ↩
7. See footnote No. 3, supra.↩