*Decisions will be entered under Rule 50.*

LOUIS MORRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42101. Filed July 16, 1958.

*Bernard J. Boyle, Esq.,* for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The Commissioner determined deficiencies in income tax and additions to tax under sections 293 (b), 294 (d) (1) (A), and 294 (d) (2) of the Internal Revenue Code of 1939, against the petitioner as follows:

| Year | Deficiency | Additions to tax | | |
| --- | --- | --- | --- | --- |
| | | Sec. 293 (b) | Sec. 294 (d) (1) (A) | Sec. 294 (d) (2) |
| 1946 | $125.00 | $62.50 | $12.50 | $7.50 |
| 1947 | 1,448.59 | 724.29 | 152.26 | 91.35 |
| 1948 | 972.63 | 486.31 | | 55.30 |
| 1949 | 956.10 | 478.05 | | 57.37 |
| 1950 | 1,605.99 | 802.99 | 160.60 | 96.36 |

These deficiencies and additions to tax were made the subject of a jeopardy assessment.

Petitioner, Louis Morris, is a resident of Osceola, Indiana. He filed his income tax returns for the years here involved with the then collector of internal revenue for the district of Indiana.

Petitioner's income tax returns for each of the years 1946 through 1950 were false and fraudulent with intent to evade tax. Some part of the deficiency for each of the years is due to fraud with intent to evade tax.

Petitioner failed to file a declaration of estimated tax in each of the years 1946, 1947, and 1950, and failed to make a declaration of 80 per cent of the tax due in each of the years 1948 and 1949.

There was no appearance for the petitioner at the hearing and no evidence was presented in his behalf.

The respondent moved that the proceeding be dismissed for lack of prosecution and that the Court find the deficiencies in income tax and additions to tax under section 294 (d) of the Internal Revenue Code of 1939, as set forth in the notice of deficiency. It is so ordered.

The respondent also moved for judgment on the fraud issue as to which he had the burden of proof. Affirmative allegations in the answer deemed admitted, by an order of this Court pursuant to Tax Court Rule 18, because of petitioner's failure to reply after due notice, satisfy the respondent's burden on the fraud issue. *Robert Kenneth Black*, 19 T. C. 474.

Respondent submitted in evidence a schedule showing partial payments of the deficiencies for the years 1947, 1948, and 1949, and overpayments for the years 1946 and 1950. Therefore,

*Decision will be entered under Rule 50.*