Michael V. Finelli v. Commissioner.
Finelli v. Commissioner
Docket Nos. 80453, 80732.
United States Tax Court
T.C. Memo 1961-195; 1961 Tax Ct. Memo LEXIS 150; 20 T.C.M. (CCH) 976; T.C.M. (RIA) 61195; June 30, 1961
*150 Held, petitions dismissed for lack of prosecution. Held, further, respondent's burden of proof as to fraud is satisfied as a result of this Court's order under Rule 18, Tax Court Rules of Practice, that material allegations in respondent's answer will be deemed admitted. Douglas D. Robertson, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in income tax and additions to tax, as follows: Additions to Tax, I.R.C. 1939
Docket
Sec.
Sec. 294
Sec. 294
Number
Year
Deficiency
293(b)
(d)(1)(A)
(d)(2)
80453
1952
$4,146.02
$2,073.01
$183.98
$129.87
80732
1953
3,866.26
1,933.13
129.67
86.44
80732
1954
2,228.85
1,114.43 [1]
33.04
Petitioner, Michael V. Finelli, resided in Haverhill, Massachusetts, at the time of filing the petitions in these cases. He filed income tax returns with the district directors of internal revenue for Brooklyn, New York in 1952; for Massachusetts in *151 1953, and for New Hampshire in 1954. Petitioner's income tax returns for each of the years 1952, 1953 and 1954 were false and fraudulent with intent to evade tax. Some part of the deficiency for each of the years is due to fraud with intent to evade tax. Petitioner either failed to file a declaration of estimated tax or to pay an installment thereon in each of the years in question. Respondent's statutory notices determined the deficiencies and additions to tax set forth above. Petitioner filed petitioners placing all items of deficiency in issue. Respondent's answers affirmatively alleged that the deficiencies were due to fraud with "intent on the part of the petitioner to evade tax." Petitioner filed no replies to respondent's answers and respondent moved under Rule 18, Tax Court Rules of Practice, for the entry of an order that the undenied allegations of fact alleging fraud and the amounts of the deficiencies be deemed admitted. After notice of hearing, the motions were heard and granted. The case was subsequently set for trial. There was no appearance for petitioner at the trial. Respondent moved that the proceedings in both dockets be dismissed for lack of prosecution *152 and that the Court enter its order and decision that there are deficiencies in income tax and additions to tax under section 294(d)(1)(A), Internal Revenue Code of 1939, in the amounts which appear in the statutory notice. [2] These motions were granted. Respondent also moved for judgment on the pleadings in his favor as to the fraud issue on which he had the burden of proof. This burden is satisfied by our order under Rule 18, supra. Louis Morris, 30 T.C. 928, Robert Kenneth Black, 19 T.C. 474. Respondent's motion is granted. Decisions will be entered for the respondent. Footnotes
1. Section 6653(b), Internal Revenue Code of 1954↩, the successor statute to section 293(b) in the 1939 Code, governs as to the year 1954.
2. In these motions respondent requests no additions to tax be found under section 294(d)(2), presumably under the authority of Commissioner v. Acker, 361 U.S. 87↩.