Robert W. Sauer v. Commissioner.
Sauer v. Commissioner
Docket Nos. 1411-63, 1412-63.
United States Tax Court
T.C. Memo 1964-174; 1964 Tax Ct. Memo LEXIS 161; 23 T.C.M. (CCH) 1019; T.C.M. (RIA) 64174; June 23, 1964
*161 Edward L. Newberger, for the respondent. BLACK Memorandum Opinion BLACK, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax under section 6653(b), Internal Revenue Code of 1954, as follows: Docket
Addition to Tax
No.
Year
Deficiency
Section 6653(b)
1411-63
1955
$3,349.10
$1,674.55
1412-63
1956
6,962.48
3,481.24
Petitioner resides in Philadelphia, Pennsylvania, and filed his income tax returns for the years 1955 and 1956 with the district director of internal revenue for the first district of Pennsylvania. These proceedings were called from the trial calendar at Philadelphia, Pennsylvania, on Monday, June 1, 1964. There was no appearance by or on behalf of petitioner and no evidence or argument was presented on his behalf. Petitioner had been duly notified that the case had been set for trial on said date before a Division of the Tax Court of the United States, in courtroom, United States Customs House, 2nd and Chestnut Streets, Philadelphia. Respondent had previously filed a written "Motion that Undenied Affirmative Allegations of Answer be Deemed Admitted. *162 " The motion was filed on March 2, 1964, under Rule 18 of the Court's Rules of Practice. Upon due notice of hearing of said motion this Court on April 8, 1964, entered an order granting respondent's motion under Rule 18 and stated in its order "That respondent's motion is granted and the undenied affirmative allegations in respondent's answer are deemed admitted." The facts taken as admitted under the Court's order of April 8, 1964, establish the omission by petitioner from his income tax returns of 1955 and 1956 of substantial amounts of income received in each year. As to the deficiencies in income tax for the respective taxable years, upon motions duly filed by respondent the case will be dismissed for lack of prosecution and decisions will be entered for respondent that there are deficiencies in income tax for the taxable years 1955 and 1956 in the amounts of $3,349.10 and $6,962.48, respectively. As to the additions to tax under section 6653(b), the facts taken as admitted present undisputed and clear and convincing evidence of fraud. Accordingly, we find that respondent has met his burden of proof of fraud and decisions will be entered for respondent that there are additions *163 to tax under section 6653(b) for the years 1955 and 1956 in the amounts of $1,674.55 and $3,481.24, respectively. See Louis Morris, 30 T.C. 928 (1958). Decisions will be entered for the respondent.