Joseph Martuscello and Mary Martuscello v. Commissioner.
Martuscello v. Commissioner
Docket No. 3759-63.
United States Tax Court
T.C. Memo 1965-10; 1965 Tax Ct. Memo LEXIS 318; 24 T.C.M. (CCH) 47; T.C.M. (RIA) 65010; January 27, 1965
Andrew M. Pinckney, for the petitioners. James Q. Smith, for the respondent. HOYT
Memorandum Opinion HOYT, Judge: Respondent determined income tax deficiencies against petitioner Joseph Martuscello and, also, additions to tax under sections 291(a), 293(b), 294(d)(1)(A), and 294(d)(2) of the Internal Revenue Code of 1939, and sections 6653(b) and 6654 of the Internal Revenue Code of 1954, for the calendar years and in the amounts, as follows: ADDITIONS TO TAX
Failure
to file
return
Fraud
Defi-
Sec.
Sec.
Year
ciency
291(a)
293(b)
1944
$ 7,945.27
$ 3,972.64
1945
4,674.70
2,337.35
1946
4,617.46
2,308.73
1947
1,724.45
862.23
1948
2,464.08
1,232.04
1949
2,270.87
1,135.44
1951
936.29
468.15
1952
864.82
$216.21
432.41
1953
6,094.02
3,047.01
1954
11,509.50
1955
6,234.36
1956
6,345.07
1957
19,071.35
1958
8,152.04
$82,904.28
$216.21
$15,796.00
*319 ADDITIONS TO TAX
Failure to
Under-pay-
make and
ment of
file declara-
Under-es-
esti-
tion of esti-
timate of
mated
Fraud
mated tax
estimated
tax
Sec.
Sec. 294
tax Sec.
Sec.
Year
6653(b)
(d)(1)(A)
294(d)(2)
6654
1944
1945
$ 280.48
1946
283.05
1947
103.47
1948
150.30
1949
140.15
1951
61.05
1952
$ 77.83
1953
574.74
1954
$ 5,754.75
1,086.47
1955
3,117.18
$ 8.37
1956
3,172.54
8.13
1957
9,535.68
7.36
1958
4,076.02
9.63
$25,656.17
$1,739.04
$1,018.50
$33.49
Note: No deficiency was determined for the year 1950, and that year is not before us. Respondent determined an income tax deficiency against petitioners Joseph Martuscello and Mary Martuscello and, also, additions to tax under sections 6653(b) and 6654 of the Internal Revenue Code of 1954, for the calendar year 1959, as follows: ADDITIONS
TO TAX
Under-
payment
of Esti-
Income Tax
Fraud Sec.
mated Tax
Year
Deficiency
6653(b)
Sec. 6654
1959
$15,486.99
$7,743.50
$13.17
Petitioners are individuals *320 with residence at 18 Coolidge Road, Amsterdam, New York. Joseph prepared and filed individual Federal income tax returns for the years 1944 through 1949, for the year 1951, and for the years 1953 through 1958. A joint Federal income tax return was prepared and filed by Joseph for himself and his wife, Mary, for the year 1959. Neither Joseph nor his wife, Mary, filed a Federal income tax return for the year 1952. Respondent issued statutory notices of deficiency for all years indicated on April 30, 1963. Thereafter on July 29, 1963, petitioners mailed their petition to this Court and said petition was filed as of July 31, 1963. The envelope in which the petition was mailed showed the return address as "Andrew M. Pickney, Esquire, 90 State Street, Albany 7, New York" and the petition was notarized by Andrew M. Pinckney under date of July 29, 1963. Respondent thereafter, on September 16, 1963, filed a motion with the Court to require a further and better statement of the allegations of error and fact set forth in the petition which was served on petitioners. At the time of hearing on said motion there was no appearance by or on behalf of the petitioners, nor did petitioners file any *321 response to the motion. [1] The motion was granted and petitioners were allowed until December 13, 1963, to file an amended petition complying with the Court's rules. In the absence of the filing of such amended petition, the petitioners were ordered to show cause at 10:00 a.m., December 18, 1963, why the case should not be dismissed or other appropriate action taken. At the hearing on December 18, 1963, an entry of special appearance was filed, limited to the hearing on the order to show cause only, by Scott G. Rigby. Rigby advised the Court that he entered his appearance at that time merely for the purpose of requesting an extension of three weeks so as to permit the petitioners' attorney in Albany, New York, to file an amended petition. He informed the Court at that hearing that he had received a call and telegram from Pinckney "who will be attorney of record in this matter" asking him to appear and request the 3-week extension. The motion was granted and the return date on the Court Order of November 13, 1963, was extended *322 to January 15, 1964. On January 15, 1964, when the case was again called the petitioners did not appear either in person or through counsel. No amended petition had been filed at that time. Upon motion of respondent in open court the Court ruled that if no amended petition were filed that date, the order of November 13, 1963, would be absolute and the case would be dismissed as to the deficiencies and retained only as to the additions to tax for fraud. On January 17, 1964, the Court received an amended petition in an envelope postmarked January 15, 1964, showing the return address as William F. McDermott, Esquire, 90 State Street, Albany, New York. This amended petition was also notarized by Andrew M. Pinckney under date of January 14, 1964. By order of Court leave was granted for petitioners to file the amended petition that date. Thereafter respondent filed his answer herein on March 18, 1964, which was served on the petitioners on March 20, 1964. In this answer respondent set forth numerous allegations of fact both with respect to the determination of deficiencies and the amounts of the additions to tax and the alleged fraud with respect to all taxable years involved. Among *323 other things, the respondent set forth the reported adjusted gross income for each year except 1952, the reported tax liability for each year except for 1952, the correct adjusted gross income and the correct tax liability. The petitioners thereafter failed to file any reply to the respondent's answer as required by Rule 15 of this Court's Rules of Practice and no entry of appearance by any lawyer or other representative was made on petitioners' behalf. On May 26, 1964, respondent filed a motion, under Rule 18, for an order that affirmative allegations of fact in his answer be deemed admitted. Upon due notice, service of which was made on petitioners, this motion was set for hearing on June 24, 1964, at which time there was no appearance by or on behalf of petitioners. On June 24, 1964, we entered an order granting respondent's motion and stating that "the undenied affirmative allegations in respondent's answer are deemed admitted." This order was served on petitioners. On August 31, 1964, the case was set for trial, notice thereof being issued and served that date upon petitioners. This notice advised petitioners that their case was set for trial on December 7, 1964, at New *324 York, New York. On December 7, 1964, the case was called from the trial calendar at New York City, pursuant to the aforementioned notice. At that time there was no appearance by or on behalf of petitioners and there was not evidence or argument presented. However, by telegram dated December 6, 1964, from Andrew M. Pinckney at Albany, New York, addressed to the Court at New York, and received by the Court and filed herein on December 7, 1964, the Court was informed that McDermott, attorney for the petitioners, had died and that Andrew M. Pinckney "is substituted as attorney of record." McDermott had never entered his appearance herein and was not attorney of record at any time in this case. In this telegram request was made for an "adjournment" of this case because the attorney seeking substitution was at that time actively engaged in another case. By order of Court at that time, trial was continued to afford the petitioners an opportunity to appear and thereafter on December 15, 1964, the case was again called at the New York trial session of this Court, which had begun on December 7, 1964. The petitioners did not appear at that time but Andrew M. Pinckney appeared on their behalf. *325 He requested a delay of a few days in which to discuss the matter with his clients after having stated in open court that he was not in a position to advise that the petitioners would be able to prosecute this action nor to state that there is a triable issue of fact here. In response to an inquiry by the Court he stated that he was unable to say that anything would be gained by the requested slight delay. The Court denied the petitioners' counsel's oral motion for additional time within which to consult with his clients. No evidence or further argument was presented on petitioners' behalf. Respondent moved that as to the deficiencies in income taxes the case be dismissed for want of prosecution and for judgment on the pleadings with respect to the additions to the tax for fraud, because of the affirmative allegations in the respondent's answer, deemed admitted by order of the Court previously entered. The facts taken as admitted under the Court's order of June 24, 1964, establish the omission from income tax returns and the failure to report for 1952, substantial amounts of income received in each of the years involved herein. We hereby incorporate all of such facts herein by *326 this reference and adopt them as our findings of fact. With respect to the asserted deficiencies in income tax and additions to tax under sections 291(a), 294(d)(1)(A), 294(d)(2) of the 1939 Code, and section 6654 of the 1954 Code, for the respective taxable years, and upon respondent's motion made at the trial on December 15, 1964, the case will be dismissed for lack of prosecution. The burden of proof with respect to these deficiencies and additions was on petitioners and they have failed to meet this burden Accordingly, decision will be entered for respondent that there are deficiencies in income tax and said additions to tax in the amounts and for the years as set forth in the deficiency notice. With respect to the asserted additions to tax for fraud under sections 293(b) of the 1939 Code, and section 6653(b) of the 1954 Code, as to which the burden of proof rests upon respondent, the facts taken as admitted and included herein by reference, present undisputed, clear, and convincing evidence of fraud. Some part of the deficiency or underpayment of tax for each of the years involved, is due to fraud with intent to evade tax. Accordingly, we find that respondent has met his burden *327 of proof of fraud for each of the years involved herein, and decision will be entered for him for the said additions to tax for fraud in the amounts and for the years as set forth in the deficiency notice. See Louis Morris, 30 T.C. 928 (1958). Decision will be entered in accordance with the foregoing opinion. Footnotes
1. First hearing on this motion was held October 30, 1963, but the matter was continued to November 13, 1963, at which time we ruled in favor of respondent.↩