Elias Monderer and Regina Monderer v. Commissioner.
Monderer v. Commissioner
Docket No. 5212-65.
United States Tax Court
T.C. Memo 1967-20; 1967 Tax Ct. Memo LEXIS 241; 26 T.C.M. (CCH) 125; T.C.M. (RIA) 67020; February 2, 1967
*241 Bernard Goldstein, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax and addition to tax under section 6653(b), I.R.C. 1954, for the calendar year 1958 in the amounts of $914,152.23 and $457,076.12, respectively, and for the calendar year 1959 in the amounts of $3,220,974.01 and $1,610,487.01, respectively. Petitioners are husband and wife residing in Kew Gardens, Long Island, New York. This case was called from the trial calendar at New York, New York on January 9, 1967. There was no appearance by or on behalf of petitioners. Respondent filed a motion that the case be dismissed for lack of prosecution and that the Court find and enter its decision of deficiencies in income tax and additions to tax in accordance with the determination set forth in the notice of deficiency. As to the deficiencies in income tax, the case is dismissed for lack of prosecution and decision will be entered for a deficiency in the amount of $914,152.23 for the calendar year 1958 and a deficiency in the amount of $3,220,974.01 for the calendar year 1959. On November 1, 1965, respondent *242 filed his answer to the petition in this case. The answer contained allegations of specific facts upon which respondent relies to sustain the issue of fraud in respect of which the burden of proof is placed on him by statute. On January 24, 1966, pursuant to Rule 18 of the Rules of Practice of this Court, respondent filed a Motion for Order That the Undenied Affirmative Allegations in Respondent's Answer Shall Be Deemed to Be Admitted. After due notice, the motion came on for hearing. There was no appearance at that hearing by or on behalf of petitioners, and this Court on March 16, 1966, granted respondent's motion under Rule 18 and ordered that the undenied affirmative allegations in respondent's answer are deemed admitted. The facts taken as admitted under the order of this Court entered March 16, 1966, present clear and convincing evidence of fraud and satisfy respondent's burden of proof. Louis Morris [Dec. 23,099], 30 T.C. 928 (1958). These undisputed facts show additional income received by petitioners in the years 1958 and 1959 in the amounts of $1,055,550 and $3,589,296, respectively, as compared to reported income in these years of $5,673.53 and $6,456.24, *243 respectively. We find that a part of the deficiency for each of the years 1958 and 1959 was due to fraud with intent to evade tax. Accordingly, decision will be entered for respondent for additions to tax under section 6653(b) for the years 1958 and 1959 in the amounts of $457,076.12 and $1,610,487.01, respectively. Decision will be entered for respondent.