Estate of Charles G. Whitehead, Deceased, Lawrence J. Stopper, Jr., Executor, and June S. Whitehead v. Commissioner.
Estate of Whitehead v. Commissioner
Docket No. 1261-66.
United States Tax Court
T.C. Memo 1967-227; 1967 Tax Ct. Memo LEXIS 36; 26 T.C.M. (CCH) 1157; T.C.M. (RIA) 67227; November 9, 1967
*36 B. David Freundlich, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income taxes and additions to tax under section 6653(b), I.R.C. 1954, for the calendar years 1961, 1962, 1963, and 1964 in the following amounts: Addition
to tax under Sec.
Year
Deficiency
6653(b), I.R.C. 1954
1961
$ 6,050.55
$3,025.28
1962
18,657.31
9,328.66
1963
6,031.86
3,015.93
1964
580.20
290.10
This case was called from the trial calendar at Philadelphia, Pennsylvania, on October 2, 1967. There was no appearance by or on behalf of petitioners. On August 15, 1967, after the notice setting this case for trial on October 2, 1967 at Philadelphia, Pennsylvania had been served on petitioners, respondent filed a Motion for Judgment on the Pleadings and for Entry of Decision, which motion was set for hearing at Philadelphia, Pennsylvania on October 2, 1967, and the notice setting the motion for such hearing with a copy of the motion attached was served on petitioners on August 17, 1967. Respondent, in his motion, recites that on July 14, 1966, this Court entered an *37 order striking the portions of the petition relative to all assignments of error except the assignment pertaining to the issue of fraud in which the burden of proof is upon respondent, having prior to that date entered an order granting a motion by respondent for a further and better statement in the petition and directing petitioners to file an amended petition on or before July 13, 1966. This statement is in accordance with the facts appearing of record in this case. Therefore, in accordance with the order of the Court striking the portions of the petition relating to the assignments of error other than the assignment pertaining to the issue of fraud, and the failure otherwise to properly prosecute, the case insofar as it relates to the deficiencies in income taxes is dismissed for lack of prosecution and decision will be entered for deficiencies in income taxes for the calendar years 1961, 1962, 1963, and 1964 as determined by respondent. On September 8, 1966, respondent filed his answer to the petition in this case. The answer contained allegations of specific fact upon which respondent relies to sustain the issue of fraud with respect to which the burden of proof is placed *38 on him by statute. On November 16, 1966, pursuant to Rule 18 of the Rules of Practice of this Court, respondent filed a Motion for Entry of Order That Allegations of Fact Be Deemed Admitted. After due notice the motion came on for hearing by this Court on January 11, 1967, at which time there was no appearance by or on behalf of petitioners. This Court, by order entered January 11, 1967, in which it was stated that petitioners had not appeared at the hearing on respondent's motion, had filed no response to the motion, and had filed no reply to respondent's answer, granted respondent's motion that all the allegations of fact in respondent's answer be deemed admitted. The facts taken as admitted under the order of this Court on January 11, 1967, show that Charles G. Whitehead died on November 23, 1965, and that the petition in this case was filed in the name of his estate by his executor, Lawrence J. Stopper, Jr., and by June S. Whitehead. Numerous other facts are alleged in this answer which by the order of this Court are deemed admitted, which undisputed facts present clear and convincing evidence of fraud and satisfy respondent's burden of proof. Louis Morris, 30 T.C. 928 (1958).
*39 The undisputed facts show that Charles G. Whitehead and June S. Whitehead reported taxable income or loss for the years in question as follows: Year
Income or loss
1958
$3,592.98
1961
(1,103.27)
1962
( 257.70)
1963
2,431.81
1964
1,695.40
The undisputed facts further show that Charles G. Whitehead and June S. Whitehead had taxable income for these years as follows: Year
Income
1958
$ 861.66
1961
21,459.35
1962
46,833.40
1963
21,368.72
1964
2,269.61
We find that a part of the deficiency in income tax for each of the years 1961, 1962, 1963, and 1964 was due to fraud with intent to evade tax. Accordingly decision will be entered for respondent for additions to tax under section 6653(b), I.R.C. 1954, for the years 1961, 1962, 1963, and 1964 in the amounts as determined by respondent. Decision will be entered for respondent.