JCAJ Investments, Inc., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
JCAJ Invest., Inc. v. Commissioner
Docket No. 1775-78.
United States Tax Court
T.C. Memo 1979-34; 1979 Tax Ct. Memo LEXIS 492; 38 T.C.M. (CCH) 138; T.C.M. (RIA) 79034; January 24, 1979, Filed *492 Barry Lederman and Carlton Howard, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a motion for summary judgment in this case which involves a deficiency in the amount of $ 24,107.89 determined in petitioner's Federal income tax and an addition to tax under section 6653(b) [1]/ in the amount of $ 12,053.95 for the fiscal year ended October 31, 1973. Petitioner has made no response to the motion. The only issue is whether the facts of record are sufficient to sustain the deficiency and establish that at least part of the deficiency is due to fraud within the meaning of section 6653(b). On June 23, 1978, respondent filed an answer alleging certain facts, summarized below, which he relies upon to support his determination. Petitioner did not file a reply to the answer, and on September 12, 1978, respondent filed a motion pursuant to Rule 37(c) of the Rules of Practice and Procedure of this Court that the allegations in paragraph 7 of the answer be deemed admitted. Petitioner filed no *493 response to that motion and on October 11, 1978, an order was issued that the undenied allegations of fact set forth in paragraphs 7(a) through (m) of the answer are deemed admitted. On November 17, 1978, respondent filed his motion for summary judgment together with a memorandum of law. Paragraphs 7(a) through (m) of the answer establish that petitioner, JCAJ Investments, Inc., was a corporation organized under the laws of the State of Connecticut which had its principal office in Stamford, Connecticut. Petitioner filed a Federal income tax return for the fiscal year ended October 31, 1973, with the Director of the Andover Service Center, Andover, Massachusetts. Throughout the fiscal year ended October 31, 1973, petitioner was engaged in the commodity futures market investing business.In this business, petitioner received payments from brokerage houses, but in its Federal income tax return for the taxable year in controversy reported no gross income from any source and no tax liability. During the fiscal year ended October 31, 1973, petitioner understated its taxable income by $ 63,975.44 and its tax liability by $ 24,107.89. Petitioner failed to maintain or submit for *494 examination by respondent complete and adequate records of account and records of its income-producing activities for the taxable year in controversy as required by the applicable provisions of the Code and the regulations issued pursuant thereto. Petitioner's failure to report its taxable income and to maintain complete and adequate records of its incomeproducing activities was attributable to an intention to defraud the Government and evade its tax liability. On the record before the Court, we think that respondent has made a primafacie case that petitioner's failure to maintain records and report its admitted income constitutes clear and convincing evidence of fraud. "Gross understatements of income constitute some evidence of fraud," Hargis v. Godwin,221 F.2d 486, 490 (8th Cir. 1955), and petitioner here omitted all income from its futures market investing business. Moreover, petitioner failed to keep complete and adequate records of its income-producing activities and, by failure to respond to the motion under Rule 37, is deemed to have admitted that such failure was fraudulent with intent to evade tax. Morris v. Commissioner, 30 T.C. 928, 929 (1958).
*495 Since there are no genuine material issues of fact, respondent's motion for summary judgment will be granted. An appropriate order will be issued.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.