ADRIAN R. McDONALD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket No. 10926-78.
United States Tax Court
T.C. Memo 1980-342; 1980 Tax Ct. Memo LEXIS 241; 40 T.C.M. (CCH) 1073; T.C.M. (RIA) 80342; August 27, 1980, Filed Christopher B. Sterner, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: The Commissioner determined the following income tax deficiencies and additions to tax against petitioner: Additions to Tax
Year
Deficiency
Under Sec. 6653(b)
1970
$ 1,433.92
1971
1,941.78
1972
1,470.68
1973
$ 4,470.13
4,055.76
1974
642.29
1975
580.26
1976
195.13
The issue for decision is whether petitioner's failure to file timely income *242 tax returns for the years in question was fraudulent with intent to evade tax under section 6653(b).[1] Respondent urges that, should we find there was no fraud involved, alternate penalties under sections 6651(a) and 6653(a) be imposed as follows: Section
Section
Year
6651(a)
6653(a)
1970
$ 716.96
$ 143.39
1971
970.89
194.18
1972
735.34
147.07
1973
2,027.88
405.58
1974
321.14
64.23
1975
290.13
58.03
1976
97.57
19.51
The relevant facts have been deemed to be admitted under Rule 37(c), Tax Court Rules of Practice and Procedure, and the case has been submitted under Rule 122. The Court will therefore sustain the respondent's deficiency determination and rule on the fraud issue on the basis of the facts admitted without trial. [2] The relevant portions of the answer are incorporated herein by this reference, and the facts are so found. *243 Petitioner failed to file timely income tax returns for the years 1970 through 1976. After being contacted on numerous occasions by Internal Revenue Service agents, he filed delinquent returns for the years 1970 through 1973 on November 21, 1977; for 1974 and 1976 on December 23, 1977; and for 1975 on December 12, 1977. The Commissioner accepted petitioner's computation of his taxable income for all the years in question save 1973 despite petitioner's failure to keep complete and accurate records of his income for those years. During the period in which he did not file income tax returns, Mr. McDonald did file employer payroll tax returns. He also prepared Form 1040, Schedule C forms for 1970 and 1971, which he presented to the Ogdensburg Urban Renewal Agency (Ogdensburg, New York) in order to substantiate his claim for a relocation allowance in August of 1972.These forms were not filed with the Internal Revenue Service, however. Petitioner was convicted of grand larceny in the second degree and served a prison term as the result of his conversion in 1973 of $11,349.45 belonging to an incompetent for whom he acted as committee. The $4,471.13 tax deficiency for the year *244 1973 is based on this embezzlement income, which petitioner did not report in his delinquent return for that year. Respondent has also determined penalties for fraud amounting to $10,319.82, or, in the alternative, $6,191.90 in penalties for failure to timely file and for negligent or intentional disregard of the rules and regulations. Petitioner, an attorney, did file income tax returns for the years 1968 and force. For all or most of the years in question here, he was actively practicing law as a sole practitioner in Ogdensburg, New York, and received substantial income from his practice. The term "fraud" means actual, intentional wrongdoing and the intent required is the specific purpose to evade the payment of taxes believed to be owing. Mitchell v. Commissioner, 118 F.2d 308 (5th Cir. 1941); 10 Mertens, Law of Federal Income Taxation, sec. 55.10, p. 44 (1976 rev.). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner, 54 T.C. 255 (1970). The burden of proof lies with the Government to establish fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), *245 Tax Court Rules of Practice and Procedure; Stratton v. Commissioner, supra.This burden may be met by the affirmative allegations in the answer which have been deemed admitted under Rule 37(c). Gilday v. Commissioner, 62 T.C. 260 (1974); Morris v. Commissioner, 30 T.C. 928 (1958). Circumstantial evidence may also be used. Powell v. Granquist, 252 F.2d 56 (9th Cir. 1958). Upon careful consideration of the record, we hold that respondent has established fraud. Failure to file returns does not in itself establish fraud; however, such failure may properly be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner, 55 T.C. 85 (1970); Cirillo v. Commissioner, 314 F.2d 478 (3d Cir. 1963); Bennett v. Commissioner, 30 T.C. 114 (1958). We find sufficient "other facts" present herein to support a finding of fraud. First, petitioner clearly knew of his obligation to file returns. He was an attorney. He had filed income tax returns in previous years. He earned enough income *246 to require him to file. The fact that he prepared Schedule C forms for 1970 and 1971 is further evidence that petitioner acted with the required intent.Upon completing these forms, petitioner realized he had taxable income. Not filing returns for these years under these circumstances indicates that he specifically intended to evade payment of taxes he knew he owed. Further, petitioner failed to keep complete and accurate records of his income. As a long-time sole practitioner, he was well aware of the obligation to maintain adequate records. His failure to do so is another indicia of fraud. Lollis v. Commissioner, 595 F.2d 1189 (9th Cir. 1979); Estate of Mazzoni v. Commissioner, 451 F.2d 197 (3d Cir. 1971); Otsuki v. Commissioner, 53 T.C. 96 (1969). Petitioner's refusal to cooperate with the Internal Revenue Service during its investigation of his tax liability is also relevant. Lord v. Commissioner, 525 F.2d 741 (9th Cir. 1975); Powell v. Granquist, supra. Nor did petitioner cooperate with respondent after the instant case was commenced, as noted in note 2, supra. Although presented *247 with an opportunity to do so, petitioner did not appear at trial to explain his failure to file income tax returns, nor did he submit a brief or other pleading in explanation. Finally, petitioner stopped filing returns beginning with the 1970 tax year. He filed no returns until the respondent's agents caught up with him.At some point, it must be concluded that the taxpayer intends not to file, until caught. It is apparent to us that petitioner passed this point and that this is what he intended. This amounts to willful concealment of income to evade payment of taxes. One reason for continued failure to file returns is to attempt to conceal prior years' defalcations. Acker v. Commissioner, 29 T.C. 107 (1956). Accordingly, after our review of the record, we are persuaded that the evidence the respondent presented clearly and convincingly establishes that petitioner's failure to file tax returns was due to fraud with intent to evade tax. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.↩
2. Gilday v. Commissioner, 62 T.C. 260 (1974) provides procedural guidance in handling a case where petitioner has failed to appear or file briefs, as here. Petitioner filed a timely petition with this Court on September 14, 1978. Respondent filed an answer on November 20, 1978. Petitioner never filed a reply as required by Rule 37. On January 16, 1979, respondent filed a Rule 37(c)↩ motion to admit undenied allegations in the answer. The Court made numerous attempts to contact petitioner, to no avail. By order dated April 11, 1979, the Court ordered the allegations of fact as set forth in paragraphs 4(a) through 4(j) and a portion of 4(k) to be deemed to be admitted. Trial was set for February 11, 1980. Respondent's counsel made two attempts to contact petitioner by mail to arrange a conference to prepare a stipulation of facts, the second of which was a certified letter for which Mr. McDonald had to sign. Petitioner did not respond. Respondent properly served petitioner with copies of all interim motions filed with the Court. On January 28, 1980, the Court sent a letter to Mr. McDonald directing him to communicate with respondent's counsel immediately. No response was received nor did Mr. McDonald contact respondent's counsel. Petitioner failed to appear at trial on February 11, 1980. Respondent moved the Court at trial to find petitioner in default and sustain the $4,470.13 deficiency for 1973, and also for leave to submit the fraud issue under Rule 122. The motion was granted. Thus, the case stands on the petition and the facts deemed admitted in the respondent's answer.