WILLIE A. CURRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Curry v. Commissioner
Docket No. 7046-75.
United States Tax Court
T.C. Memo 1980-378; 1980 Tax Ct. Memo LEXIS 204; 40 T.C.M. (CCH) 1212; T.C.M. (RIA) 80378; September 15, 1980, Filed *204 Francis J. Elward and Eric B. Jorgensen, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing and disposition of respondent's motion for partial summary judgment. The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is presently before the Court on respondent's motion for partial summary judgment, filed on July 8, 1980. That motion, with notice of hearing on August 27, 1980, was served on petitioner on July 11, 1980. At the hearing on August 27, respondent appeared by his counsel, but there was no appearance by or on behalf of petitioner, nor had petitioner filed any response to respondent's motion. At the conclusion of the hearing, the motion was taken under advisement. The motion seeks a summary adjudication in respondent's favor upon the issue of whether petitioner is liable for additions to tax for fraud under section 6653(b) of the Internal Revenue Code of 1954[1], for the years 1968 to 1971 inclusive. *205 In the statutory notice of deficiency, on which this case is based, respondent determined deficiencies and additions to tax for fraud against petitioner for the years 1968 through 1971, as follows: Year
Deficiency
Addition to Tax
1968
$ 6,268.98
$3,134.49
1969
4,705.50
2,352.75
1970
19,841.51
9,920.76
1971
5,362.34
2,681.17
Petitioner timely filed his petition. Respondent thereafter filed his answer, in paragraph 6 of which he alleged the facts upon which he relied to support his determination of the additions to tax for fraud. Petitioner did not file a reply to respondent's answer, and on November 28, 1978, respondent filed a motion under Rule 37(c) of this Court's Rules of Practice and Procedure, that the undenied affirmative allegations of fact set forth in subparagraphs (a) to (y), inclusive, of paragraph 6 of the answer be deemed to be admitted. That motion was granted by order dated January 3, 1979, but said order was subsequently vacated and set aside by order dated November 29, 1979. The Rule 37(c) motion was again set for hearing on January 23, 1980, and was granted by an order dated January 23, 1980. The resul is that the affirmative *206 allegations in each and all of the subparagraphs of paragraph 6 of the respondent's answer are now deemed to be admitted. Rule 37(c). The following findings of fact are based upon the portions of respondent's answer which have been deemed to be admitted. FINDINGS OF FACT During the taxable years 1968 to 1971, inclusive, the petitioner was employed by A & H Cleaners, Inc., of Fayetteville, North Carolina. The petitioner failed to maintain or to submit for examination by the respondent complete and adequate books of account and records of his income-producing activities for each of his taxable years 1968 to 1971, inclusive, as required by the applicable provisions of Internal Revenue Code of 1954 and respective regulations promulgated thereunder. The petitioner did not maintain for his taxable years 1968 to 1971, inclusive, any records of his income-producing activities except for a few bank records. These bank records were incomplete and failed to disclose all receipts and disbursements and did not properly reflect the correct taxable income for the petitioner for each of his taxable years 1968 to 1971, inclusive. The petitioner failed to file Federal individual income *207 tax returns for each of his taxable years 1968 and 1969 and to pay any portion of the income tax liability due from him for each year when, in fact, he was required by law to file returns for those years because of the income that he earned in each of those years. The petitioner prepared and filed his own Federal individual income tax return for each of his taxable years 1970 and 1971. During his taxable year 1971, the petitioner received rental income in the amount of $110 per month, each month from May of 1971 through December of 1971, which was not reported on his Federal individual income tax return which he filed for his taxable year 1971. During his taxable years 1968 to 1971, inclusive, the petitioner received income from the sale of narcotics, from prostitution, and from gambling for which he did not keep any records and which were not reported on his Federal individual income tax returns for those years. On or about June 6, 1973, the petitioner was convicted by a jury in a trial in the United States District Court for the Eastern District of North Carolina on three counts of possessing and selling heroin to an undercover agent in 1972 and was sentenced to serve *208 24 years in a Federal penitentiary. On or about November 2, 1973, the petitioner was convicted in a trial in the United States District Court for the Eastern District of North Carolina of conspiracy to distribute narcotics in 1972 and was sentenced to serve 12 years in a Federal penitentiary to run concurrently with the above mentioned sentence.
During interviews in 1972 and 1973 with respondent's agents, petitioner made false and fraudulent statements which he knew were not true in order to mislead and deceive respondent's agents. The respondent has determined the petitioner's correct taxable income for each of his taxable years 1968 to 1971, inclusive, on the basis of the bank deposits and cash expenditures income reconstruction method. In making such determination the respondent has utilized all of the books and records furnished by the petitioner. Petitioner's correct taxable income for each of his taxable years 1968 to 1971, inclusive, is as follows: 1968
1969
1970
1971
Understatement
of income
$20,197.07
$17,535.08
$42,615.43
$19,980.65
Add: Reported
adjusted gross
income
0 *
0 *
5,146.00
5,084.00
Less: Standard
Deductions
1,000.00
0
0
0
Itemized
Deductions
0
1,722.12
1,839.74
3,092.76
Exemptions
600.00
600.00
625.00
675.00
Correct taxable
income
$18,597.07
$15,212.96
$45,296.69
$21,296.89
*209 Petitioner's correct income tax liability, tax liability reported on his returns, and the understatement of tax liability for each of the taxable years 1968 to 1971, inclusive, are as follows: 1968
1969
1970
1971
Correct income
tax liability
$6,268.98
$4,705.50
$20,448.51
$5,929.34
Tax liability
reported on
return
0 *
0 *
607.00
567.00
Understatement
of income tax
liability
$6,268.98
$4,705.50
$19,841.51
$5,362.34
OPINION Respondent, in his motion for partial summary judgment under Rule 121, asks "for a summary adjudication in respondent's favor upon the issue of whether the petitioner is liable for additions to tax under I.R.C. section 6653(b) for the years 1968 to 1971, inclusive." Rule 121(a) provides that "Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy." (Emphasis supplied). Section 6653(b) provides for the imposition of a 50 percent addition to tax if any part of any underpayment of required to be shown on the return is due to fraud.Up *210 to this point, the Court has not determined, nor has it been asked to determine, the precise amount of the underpayment by petitioner for any of the years involved, and therefore it will not be able to determine the precise amount of the addition to tax for any such year, since the amount of the addition is inextricably tied in with the amount of the underpayment. However, propriety of additions to tax for fraud is dependent upon whether petitioner harbored an intent to evade a tax believed to be owing. That issue, it is believed, is one which is appropriate for a partial summary adjudication under Rule 121, even in the absence of the usual prior determination of the precise amount of the underpayment of tax. Respondent bears the burden of proving fraud with intent to evade tax, and that burden is to be carried by clear and convincing evidence. Rule 142(b). In most cases, such burden is met by respondent at trial where the facts are established by testimony of witnesses and the introduction of documentary evidence. However, in a number of cases, the necessary facts have been established through the pleadings of the parties, motions filed, and orders entered with respect thereto. *211 In the present case, material allegations in the answer with respect to fraud have been deemed to be admitted by the petitioner in the Court's order of January 23, 1980. Accordingly, the respondent's burden of going forward to prove such facts in those allegations has been discharged. Black v. Commissioner, 19 T.C. 474 (1952); Morris v. Commissioner, 30 T.C. 928 (1958); Gilday v. Commissioner, 62 T.C. 260 (1974); and Marcus v. Commissioner, 70 T.C. 562 (1978). Accordingly, the question presented is whether those facts clearly and convincingly show that a part, if not all, of any underpayments of tax is due to fraud with intent to evade tax. The findings of fact clearly and convincingly establish fraud with intent to evade tax. What appear at this juncture to be substantial understatements of taxable income and substantial underpayments of tax over a period of years, failure to file any returns for two years when petitioner had substantial amounts of income, specific omissions of items of gross income from the returns which petitioner did prepare and file, failure to maintain and submit for inspection adequate *212 records of his income producing activities, and lying to respondent's agents during their investigation with the intent to mislead and deceive them -- all of these are well recognized badges of fraud. In the presence of such numerous badges of fraud, there is no doubt that whatever underpayments of tax are ultimately determined by this Court are due to fraud with intent to evade tax on the part of petitioner. It appearing that there is no genuine issue of material fact and that the respondent is entitled to prevail on the issue presented for partial summary adjudication, an order will be entered granting respondent's motion for partial summary judgment that petitioner is liable for additions to tax for fraud under section 6653(b) for each of the years 1968 through 1971. The case will remain on the docket for decision of the issue of the precise amount of the underpayment for each of the years. Decision of that issue will control the amount of the addition to tax for fraud for each such year. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
*. No return filed↩
*. No return filed↩