RONALD T. THORPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thorpe v. Commissioner
Docket No. 18327-80
United States Tax Court
T.C. Memo 1983-150; 1983 Tax Ct. Memo LEXIS 631; 45 T.C.M. (CCH) 1045; T.C.M. (RIA) 83150; March 22, 1983. Ronald T. Thorpe, pro se. Steven K. Dick, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter is before the Court on respondent's motion for summary judgment filed on November 2, 1982. The motion was heard at the Indianapolis trial session on January 24, 1983. In his statutory notice of deficiency dated July 3, 1980 respondent *632 determined the following deficiencies in petitioner's Federal income tax and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1976
$2,108
$1,054.00
1977
2,317
1,158.50
Totals
$4,425
$2,212.50
Petitioner filed a timely petition invoking the jurisdiction of this Court. The petition does not raise any genuine issue of material fact relating to petitioner's Federal income tax liability. The facts contained in the petition are as follows: (a) Petitioner did not have any "gain" for any of the years at issue; (b) Petitioner's activities were all on an equal exchange basis during each of the years at issue; (c) On oath and affirmation, and under penalties of perjury petitioner declares he had no gain whatsoever in 1976 or 1977. In his answer to the petition, respondent alleged facts designed to show that a part of the 1976 and 1977 underpayments were due to fraud within the meaning of section 6653(b). Petitioner's reply generally denied the allegations of respondent's answer, but *633 alleged no new facts to support that denial. On July 27, 1981 respondent filed a request for admissions pursuant to Rule 90; [2] that request set forth facts designed to show that part of petitioner's underpayments were due to fraud. On August 21, 1981 petitioner filed a "response to request," alleging that respondent's request was moot until jurisdiction was established under section 556(d) of Title 5 U.S.C., Administrative Procedures Act. No other response to the request for admissions was received within 30 days of service of the request, and under Rule 90(c) the alleged facts are deemed admitted. On November 2, 1982 respondent filed a motion for summary judgment asking that the Court hold that respondent is entitled to judgment as a matter of law. All of the arguments raised by the petition and subsequent motions are without merit. Wages are subject to the Federal income tax under the clear language of section 61(a)(1). Eisner v. Macomber,252 U.S. 189 (1920); Rice v. Commissioner,T.C. Memo. 1982-129 and cases cited therein. Petitioner contends the *634 value of his services was equal to the compensation received and therefore he had no "gain" subject to tax. Petitioner's argument, if valid, would mean that only those who were overcompensated for their services would have personal service income, and this is plainly inconsistent with the provisions of section 61(a)(1) (including in income "compensation for services, including fees, commissions, and similar items"). Accordingly, petitioner is liable as a matter of law for the deficiencies in tax. Respondent has the burden of proving that at least some of petitioner's underpayment of tax in 1976 and 1977 was due to fraud with intent to evade tax. Sections 7454(a); 6653(b); Rule 142(b). Respondent must prove fraud by clear and convincing evidence, showing that the petitioner acted with the specific intent to evade a tax believed to be owing. Cefalu v. Commissioner,276 F.2d 122, 128 (5th Cir. 1960), affg. T.C. Memo. 1958-37. The facts deemed admitted under Rule 90(c) show that petitioner was employed by the United States Postal Service in his home town of Elkhart, Indiana. In 1976 he earned $13,658.11 in salary, and some $323.89 was withheld for *635 Federal income taxes. On Forms W-4 filed during that year petitioner claimed 99 exemptions. In 1977 petitioner earned $14,568.33 in his job at the Postal Service. He filed a W-4E claiming exemption from income tax withholding; no income tax was withheld. Petitioner filed a document purporting to be an individual income tax return for 1976, but this did not constitute a legal return. Reiff v. Commissioner,77 T.C. 1169 (1981); Jarvis v. Commissioner,78 T.C. 646 (1982). No return at all was filed in 1977. Petitioner had filed valid Federal income tax returns for the years 1969, 1970, 1971, 1972, 1973, 1974, and 1975, and in 1973 had filed a W-4 correctly claiming one personal exemption and one dependency exemption. [3]
On September 13, 1978 petitioner was convicted in the United States District Court for the Northern District of Indiana, South Bend Division, on four counts of supplying a false and fraudulent statement to his employer, the United States Postal Service, in violation of section 7205. We *636 find these facts sufficient to carry respondent's burden of proof under section 6653(b). Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928 (1958). Petitioner's correct filing of Forms W-2 and 1040 in the years prior to those at issue here indicate that he knew he was legally obligated to file and pay Federal income tax. Thus his failure to file in 1976 and 1977, combined with his excessive claimed withholding exemptions, justifies the inference that his failure to report income was fraudulent and done with intent to evade tax. Cook v. Commissioner,T.C. Memo. 1980-415. Petitioner's criminal conviction under section 7205 for filing false and fraudulent statements regarding withholding supports this conclusion. We hold, therefore, that respondent has carried his burden of proving fraud and that, as there is no genuine issue of material fact regarding either the deficiency or the fraud, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue, unless otherwise noted.↩
2. All references to the Rules are to the Tax Court Rules of Practice and Procedure.↩
3. During the tax year 1976 petitioner had a wife, Jane E. Thorpe, and two dependent children whom he supported. His wife died in 1977.↩