HUGH BALDWIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baldwin v. Commissioner
Docket No. 31710-81.
United States Tax Court
T.C. Memo 1984-119; 1984 Tax Ct. Memo LEXIS 551; 47 T.C.M. (CCH) 1252; T.C.M. (RIA) 84119; March 12, 1984. *551 Held, summary judgment for tax deficiency and addition to tax for fraud is granted upon the taxpayer's failure to respond to respondent's Request for Admissions. The facts deemed admitted by the taxpayer's failure to respond are sufficient to demonstrate that no genuine issue as to any material fact exists. Hugh Baldwin, pro se. Elizabeth S. Henn, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on February 1, 1984, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent, in his notice of deficiency dated October 13, 1981, determined the following deficiency in petitioner's 1978 Federal income tax and addition to tax for fraud under section 6653(b), I.R.C. 1954: Addition to tax
Year
Deficiency
Pursuant to sec. 6653(b)
1978
$71,542
$35,771
The issues to be decided in determining whether respondent is entitled to prevail on his motion are: (1) whether there is a deficiency in the amount determined by respondent; *552 and (2) whether any part of the underpayment of tax for 1978 was due to fraud. Procedural developments in this case began with the timely filing of a petition on December 30, 1981. Respondent thereafter timely filed his answer to the petition on March 3, 1982. On November 5, 1982 respondent sent two letters to petitioner, suggesting that a conference be held on November 19, 1982 to discuss preparations for trial. One letter was sent to petitioner at his address in Chesmar, Chestertown, Maryland, and a duplicate letter was sent to petitioner at the Maryland Penitentiary in Baltimore, Maryland, which was the address contained on the petition filed in this Court by the petitioner. The letter sent to petitioner at the Maryland Penitentiary address was returned to respondent. The letter sent to Chestertown, Maryland, however, was never returned to respondent. Petitioner did not appear at the scheduled conference, nor did he ever contact respondent. On September 8, 1983 respondent served on petitioner a Request for Production of Documents and Things pursuant to Rule 72 and a set of interrogatories pursuant to Rule 71. These documents were sent to petitioner's Chestertown, Maryland *553 address and to the Maryland House of Corrections in Jessup, Maryland, which was the address contained on petitioner's reply to respondent's answer, filed on March 5, 1982. [2]
On November 21, 1983 respondent filed with this Court and mailed to petitioner a Request for Admissions under Rule 90. The request was mailed to petitioner's Chestertown, Maryland address and to the Maryland House of Corrections, Jessup, Maryland. Respondent requested petitioner to admit to the following facts: 1. During the year 1978 petitioner was engaged in the manufacture of illegal narcotics. 2. During the year 1978 petitioner was engaged in the sale of illegal narcotics. 3. During the year 1978 petitioner was engaged in the distribution of illegal narcotics. 4.In the years prior to 1978 petitioner had been engaged in the activity of manufacturing and/or selling illegal narcotics. 5. During 1978 petitioner had taxable income from the manufacture and/or sale of illegal narcotics. 6. On his 1978 income tax return, petitioner reported no income other than his income from wages from *554 J.L. Fence Co., Inc. 7.On his 1978 income tax return petitioner reported no income from the manufacture and/or sale of illegal drugs. 8. Petitioner knew that he had taxable income in 1978, which income he did not report on his 1978 income tax return. 9. Petitioner knew at the time he filed his 1978 income tax return that he was omitting income that should have been reported in his return. 10. A part of the money that petitioner received but did not report on his 1978 income tax return was used to make loans to J.L. Fence Co., Inc. 11. During the year 1978 petitioner did not receive any income from any nontaxable sources. 12. During the year 1978 petitioner did not receive any income from gifts or inheritances of cash or property. 13. During the year 1978 petitioner did not receive any loan proceeds. 14. Petitioner prepared his own income tax return for 1978. 15. Petitioner has had one year of law school education. 16. During 1978 petitioner knew that he had taxable income other than income from wages from the J.L. Fence Co., Inc. 17. During 1978 petitioner had taxable income in the amount of $125,661 in addition to the income reported by petitioner *555 on his 1978 income tax return. 18. Petitioner knew that he had income of $125,661 in addition to the income petitioner reported on his 1978 income tax return. 19. At least a part of the $125,661 omitted from petitioner's 1978 income tax return was derived from the manufacture and/or sale of illegal narcotics.
20. Petitioner intentionally omitted income from his 1978 return. 21. Petitioner intended to defraud the Government of petitioner's taxes by omitting income. 22. During the year 1978 petitioner was the owner of a safe deposit box. 23. Petitioner owned all the contents of the safe deposit box. 24. Petitioner owned all of the cash that was found at 22 Port Street, Easton, Maryland on May 22, 1978. 25. During the year 1978 petitioner made loans to J.L. Fence Co., Inc. in the amount of $105,000. 26. During the year 1978 petitioner used the trade name of Atlantic Glass Company as a front for his illegal drug operation. 27. During the year 1978 the Atlantic Glass Company did no business in the sale of glass. 28. The site of the Atlantic Glass Company in Easton, Maryland was actually the location at which petitioner manufactured drugs. Petitioner *556 failed to respond to both the Request for Production of Documents and Things and the interrogatories. Therefore, respondent, on November 14, 1983, filed motions with this Court seeking to compel compliance with the request for production of documents and responses to the interrogatories. On December 7, 1983 the Court issued an order that petitioner advise the Court in writing on or before January 4, 1984 of his present address. Petitioner failed to file a response to the December 7, 1983 order. Accordingly, on January 13, 1984, the Court issued a further order that the Clerk of the Court change petitioner's address on the official records of the Court to "Chesmar, Chestertown, MD 21620." In addition, the Court granted respondent's Motion to Compel Responses to Respondent's Interrogatories and respondent's Motion to Compel Compliance with Respondent's Request for Production of Documents and Things and ordered petitioner to comply on or before February 2, 1984. Petitioner failed to respond to the January 13, 1984 order. Under date of February 1, 1984 respondent filed a Motion for Summary Judgment under Rule 121, which is the motion under consideration herein. In this motion *557 respondent contended that, by virtue of petitioner's failure to respond to the Request for Admissions, the facts contained in the request have been conclusively established pursuant to Rule 90(c) and that the facts as so established are clear and convincing evidence that petitioner deliberately omitted taxable income in the amount of $125,661 from his 1978 income tax return and that such omission was due to fraud. The Court heard the motion in Baltimore, Maryland on February 13, 1984. Petitioner did not appear at the hearing. Rule 90(c) of this Court provides, in part, as follows: Each matter [covered by the request for admission] is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (i) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (ii) an objection, stating in detail the reasons therefor. The response shall be signed by the party or his counsel, and the original *558 thereof, with proof of service on the other party, shall be filed with the Court. * * * Further, Rule 90(e) provides, in part, that any matter admitted under Rule 90 is conclusively established. Petitioner having failed to respond or object to respondent's requests, the facts set forth in the Request for Admissions are deemed admitted and are conclusively established pursuant to the provisions of our Rules 90(c) and (e) including the deemed admission of paragraph 21 because of the other allegations supporting the ultimate fact allegation in paragraph 21. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Rule 121(b) provides, in part, that-- [a] decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * Respondent, as the party moving for summary judgment, has the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment *559 as a matter of law. Adickes v. Kress & Co,398 U.S. 144, 157 (1970); Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). In addition, in this case, respondent has the burden of proving fraud by clear and convincing evidence so as to support the addition to tax under section 6653(b). Petitioner, however, has the burden of proof with respect to the deficiency determination made in respondent's statutory notice. Petitioner has refused to submit any information that contradicts respondent's factual determinations. On the basis of the pleadings and those matters deemed admitted in respondent's Request for Admissions, respondent has demonstrated that there is no genuine issue with respect to any material fact present in the record and, accordingly, respondent is entitled to a decision as a matter of law. We conclude, therefore, that summary judgment in respondent's favor is the proper procedure for disposing of this case. In so concluding, we are not unmindful of the fact that respondent's burden of proof in fraud cases is a heavy one. In most cases such burden is met by respondent at trial through the presentation of facts established *560 by the testimony of witnesses or the introduction of documentary evidence. This Court has recognized, however, that the facts necessary to prove fraud may be established through the pleadings of the parties, motions filed, and orders entered with respect thereto. Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928 (1958). In this case, material facts in respondent's Request for Admissions with respect to fraud have been deemed admitted by petitioner pursuant to Rule 90(c). Those facts establish that during 1978 petitioner had $125,661 of unreported income, that petitioner knew he had $125,661 of unreported income, and that petitioner deliberately and intentionally attempted to defraud the Government by failing to report his total income. Further, petitioner's complete failure to cooperate in the resolution of this case indicates a deliberate effort to conceal the true facts concerning petitioner's tax liability. Accordingly, the facts deemed admitted by petitioner's failure to respond to respondent's Request for Admissions serve to sustain respondent's *561 burden of proving fraud. Respondent's Motion for Summary Judgment will be granted. An Appropriate order and decision will be entered.
Footnotes
1. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's reply to respondent's answer was erroneously designated as an "Answer to the Petition."↩